## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU,**

    Plaintiff and Petitioner,

vs.

                                            Case No.

**ANTHEM INSURANCE COMPANIES, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD OF VIRGINA**

    Defendant and Respondent.

_____/

## PLAINTIFF AND PETINIONER WORLDWIDE AIRCRAFT SERVICES, INC.

## PETITION TO CONFIRM ARBITRATION AWARD

**COMES NOW**, Plaintiff and Petitioner WORLDWIDE AIRCRAFT SERVICES, INC., D/B/A JET ICU ("JET ICU"), pursuant to 9 U.S.C. § 9, and FL Statutes Sections 682.015, 682.12, and 682.15, Florida Statutes (2022), petitions this Court for an Order confirming the arbitration awards rendered by the herein stated arbitrators pursuant to the federal No Surprises Act Independent Dispute Resolution ("IDR") binding arbitration process[1], against Defendant and Respondent ANTHEM INSURANCE COMPANIES, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD OF VIRGINA

---

[1] See, 42 USC §300gg-111(c)(2)(A).

("ANTHEM"), and entry of a final judgment thereon. In support thereof, JET ICU states as follows:

1. JET ICU is a Tampa, Florida-based air ambulance provider. Jet ICU provides urgent and emergency air ambulance services, primarily specializing in international air ambulance services.

2. Defendant/Respondent ANTHEM is a Virgina-based company licensed and acting an insurer within the meaning of the federal No Surprises Act, 42 USC 300gg-111 et seq.

## Jurisdiction and venue

3. This District Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that the controversy arises under federal law, the Federal Arbitration Act, 9 U.S.C. §1 et seq. Jurisdiction is also appropriate in this Court as the parties are citizens of different States and the amount in controversy exceeds the jurisdictional amount. 38 USC §1332. The Court may exercise ancillary jurisdiction over Petitioner's Florida law claims.

4. Venue is proper in this judicial district as Petitioner resides in this District and a substantial amount of evidence is located in the District.

## PETITION

5. JET ICU provided services to a patient for whom ANTHEM was the payer/insurer. JET ICU filed a claim for payment with BCBS Federal Program, about which a dispute arose concerning ANTHEM's and/or BCBS Federal Program's payment amount. After the statutorily required open negotiation period

was unsuccessful, JET ICU initiated an arbitration pursuant to the federal No Surprises Act's Independent Dispute Resolution ("IDR") arbitration process. See, 42 U.S.C. §300gg-112(b)(1)(B). The matter was assigned IDR reference number: DISP-1061847. On or about February 24, 2025, the matter was heard pursuant to IDR rules by arbitrator Keystone Peer Review Organization, Inc. For this dispute, the Arbitrator awarded Jet ICU $63,580.00 and $22,500.00 for a total award of $86,080.00. A true and correct copy of the Arbitrator's award is attached hereto and incorporated by this reference as Exhibit A.

6. The arbitration award is awarded in favor of JET ICU against BCBS Federal Program Overseas Claims. The insurance carrier for this plan under the BCBS Federal Program is ANTHEM. A true and correct redacted copy of the insured's medical insurance identification card is attached hereto and incorporated by this reference as Exhibit B.

7. Pursuant to the Federal Arbitration Act, a party may petition a district Court for an Order confirming an arbitration award, and for judgment thereupon. See, 9 U.S.C. §9. The District Court must grant the Order confirming the arbitration award unless a motion to vacate or modify the award has been granted. See, 9 U.S.C. §9; *Worldwide Aircraft Services, Inc. v. Worldwide Insurance Services, LLC*, 2024 WL 4226799 (M.D. Fla 2024) (denying motion to vacate and confirming IDR arbitration award).

8. Section 682.12, Florida Statutes, provides that:

After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court *shall* issue a confirming order unless the award is modified or corrected pursuant to § 682.10 or 682.14 or is vacated pursuant to § 682.13. (*Emphasis added*), see also, Nestor v. Ward, 163 So. 3d 583, 585 (Fla. 3d DCA 2015) ("In the absence of a motion to vacate, modify, or correct the arbitration award, the trial court must confirm the award.").

9. As of the filing of this Petition, no party has moved to vacate, correct or modify the Award pursuant to Chapter 682, Florida Statutes, 9 USC §10, or other applicable law.

10. **WHEREFORE**, Plaintiff and Petitioner respectfully requests this Court enter an Order confirming each of the herein referenced IDR arbitration awards and enter judgment against ANTHEM in a total amount of $86,080.00 as well as any further relief the court deems necessary, just, and proper.

Respectfully submitted on June 3, 2025, by:

_____
Michael Brannigan, Esq.
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
MichaelBrannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)
*Counsel for Plaintiff and Petitioner Worldwide Aircraft Services, Inc. d/b/a JetICU*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant, Anthem Insurance Companies, Inc.'s Registered Agent *C T Corporation System*, 4701 Cox Rd Ste 285 Glen Allen, VA 23060 on June 3, 2025.

_____
Michael Brannigan, Esq.
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
MichaelBrannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)

*Counsel for Plaintiff and Petitioner Worldwide Aircraft Services, Inc. d/b/a JetICU*