UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT
SERVICES, INC.,
d/b/a/ JET ICU,

    Plaintiff,

v.                                          Case No. 8:25-cv-1444-TPB-SPF

ANTHEM INSURANCE COMPANIES,
INC. d/b/a ANTHEM BLUE CROSS AND
BLUE SHIELD OF VIRGINIA,

    Defendant.
_____/

**ORDER GRANTING "ANTHEM INSURANCE COMPANIES, INC.'S MOTION TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD"**

This case is before the Court on "Anthem Insurance Companies, Inc.'s Motion to Dismiss Petition to Confirm Arbitration Award and Incorporated Memorandum of Law in Support," filed on September 8, 2025. (Doc. 16). Plaintiff filed a response in opposition to the motion on September 19, 2025. (Doc. 19). Based on the motion, response, court file, and the record, the Court finds as follows:

**Background**

This case presents a billing dispute between an air ambulance service and an Indiana insurer. Plaintiff/Petitioner Worldwide Aircraft Services, Inc. ("Jet ICU") alleges it is a "Tampa, Florida-based air ambulance provider" which "provides urgent and emergency air ambulance services, primarily specializing in international air ambulance services." Jet ICU alleges it provided air ambulance

services to an individual for whom Defendant Anthem Insurance Companies, Inc. ("Anthem") was the "payer/insurer." The petition does not allege where the individual insured resides or where the air ambulance services were provided.

Jet ICU filed a claim with "BCBS Federal Program Overseas Claims," a plan for which Jet ICU alleges Anthem is the insurer. This resulted in a dispute concerning the proper payment amount. Following an unsuccessful negotiation, Jet ICU initiated an arbitration or independent dispute resolution ("IDR") proceeding against "BCBS Federal Program Overseas Claims" under the No Surprises Act, 42 U.S.C. § 300gg-112. The arbitrator's award determined that a total of $86,080.00 was the proper payment amount for Jet ICU's services.

Jet ICU filed a petition to confirm the award, naming "Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia" as the respondent. It appears that Jet ICU served Anthem by serving the registered agent in Virgina for "Anthem Blue Cross and Blue Shield of Virginia," a name under which Jet ICU alleges Anthem does business. The petition asks the Court to enter a judgment in the total amount of the award. Anthem has moved to dismiss the petition on several grounds, including lack of personal jurisdiction, an issue which the Court finds dispositive.

## **Legal Standard**

When determining whether to exercise personal jurisdiction over a defendant, a court first considers whether jurisdiction is appropriate under the state's long arm statute. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d

1339, 1350 (11th Cir. 2013). If so, the court then evaluates whether the exercise of jurisdiction over the defendant would violate the due process clause of the Fourteenth Amendment. *Id.* Due process requires that the defendant have contacts with the forum state by which the defendant purposefully availed itself of the privilege of conducting activities in the state, that the plaintiff's action arises from or relates to those contacts such that the defendant should reasonably anticipate being haled into court there, and that the assertion of jurisdiction is consistent with "fair play and substantial justice." *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628, 630-31 (11th Cir. 1996).[1]

The plaintiff bears the initial burden of alleging sufficient facts to make out a *prima facie* case of personal jurisdiction. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1350. Pleading a *prima facie* case requires allegations of facts sufficient "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Bracewell v. Nicholson Air Servs., Inc.,* 680 F.2d 103, 104 (11th Cir. 1982).

---

[1] Where the plaintiff's claim does not arise from or relate to the defendant's forum state contacts, general personal jurisdiction may be asserted if the defendant's contacts are so substantial that the defendant may be deemed to be "at home" in the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). There is no evidence of such substantial contacts here, and Jet ICU does not argue that general jurisdiction is present. Jet ICU cites *Mallory v. Norfolk So. Ry. Co.*, 600 U.S. 122 (2023), for the proposition that jurisdiction may be asserted over defendants with "broad operations" beyond their home states. But *Mallory* held only that a foreign corporation registered to do business in Pennsylvania was subject to general jurisdiction there because Pennsylvania law required consent to general jurisdiction as a condition of registration. Under controlling Eleventh Circuit precedent, Florida imposes no such condition. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1321 (11th Cir. 2018). Accordingly, although Anthem has a registered agent in Florida, that does not give rise to general personal jurisdiction over Anthem.

"Vague and conclusory allegations do not satisfy this burden." *Catalyst Pharm., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018).

Even if the plaintiff meets its burden of alleging sufficient jurisdictional facts, the defendant may challenge personal jurisdiction by submitting affidavits or other evidence negating the existence of jurisdiction. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1350. If the defendant does so, then the burden shifts back to the plaintiff to establish a basis for personal jurisdiction by affidavits or other evidence. *Posner v. Essex Ins. Co., Ltd*, 178 F.3d 1209, 1214 (11th Cir. 1999); *see also Sculptchair*, 94 F.3d at 627 ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.") (quoting *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990)). Where no evidentiary hearing is held, "the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant by presenting enough evidence to withstand a motion for directed verdict." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006).

## Analysis

Jet ICU's petition to enforce the IDR award does not cite to any specific section of the Florida long arm statute, recite a basis for personal jurisdiction in the language of the statute, or plead any facts that would establish a *prima facie* case for personal jurisdiction over Anthem in Florida. The petition alleges that Anthem is a Virginia-based company and says nothing about any connection between

Anthem and Florida. The only Florida connection mentioned in the petition relates not to Anthem but to Jet ICU, alleged to be a "Tampa, Florida-based air ambulance provider," who "primarily specializ[es] in international air ambulance services." But personal jurisdiction must be established by actions of the defendant creating the requisite contacts with the forum state; the unilateral actions of another party or third parties will not suffice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Wiegering v. Blue Cross & Blue Shield of Mass., Inc.*, No. 16-23031-CIV-LENARD/GOODMAN, 2017 WL 1294907, at *9 (S.D. Fla. Feb. 2, 2017) ("The Due Process Clause does not sanction purposeful availment by extension or association."). Accordingly, the allegations in Jet ICU's petition are insufficient to support the exercise of personal jurisdiction under the Florida long arm statute or the due process requirements of the Constitution.

Anthem has also gone beyond attacking the sufficiency of Jet ICU's allegations and has submitted a declaration negating the existence of any substantial connection of Anthem to Florida. The declaration asserts, among other things, that Anthem is an Indiana corporation with its principal place of business in Indiana, does not maintain an office or phone number in Florida, does not own or lease real property in Florida, and does not advertise or solicit business in Florida. It states that Anthem "does not fund, administer, or underwrite any claims for benefits in Florida," did not administer a health benefits plan for the member who allegedly received Jet ICU's services, and did not participate in the IDR process referenced in the petition. Further, even if there were allegations or evidence

connecting "Anthem Blue Cross and Blue Shield of Virginia" to Florida sufficient to create personal jurisdiction as to that entity, Anthem's declaration contradicts the petition's allegation that Anthem does business as "Anthem Blue Cross and Blue Shield of Virginia."

Anthem's submission therefore shifted the burden to Jet ICU to submit contrary evidence to avoid dismissal. *See Louis Vuitton Malletier, S.A.*, 736 F.3d at 1350; *Posner*, 178 F.3d at 1214. Jet ICU has failed to meet its burden. Its opposing memorandum relies on assertions that are unsupported by any affidavit or other evidence and that are, in any event, insufficient to show the existence of personal jurisdiction over Anthem.

For example, Jet ICU's memorandum asserts that Anthem "is contracted with Blue Cross and Blue Shield of Florida, Inc.," thereby subjecting it to jurisdiction under § 48.193(1)(a)9, *F.S.* That long arm section, however, applies to contracts that provide for the application of Florida law and for submission to the jurisdiction of Florida courts. *See id.*; § 685.102, *F.S.* There is no allegation and no evidence offered showing that the contract or contracts Jet ICU vaguely refers to in its memorandum contain such provisions or otherwise meet the requirements for the assertion of personal jurisdiction under § 48.193(1)(a)9. *See, e.g.*, *Sompo Japan Nipponkoa Ins., Inc. v. CSX Transp., Inc.*, No. 3:19-cv-1154-J-34PDB, 2020 WL 7074558, at *8-9 (M.D. Fla. Dec. 3, 2020) (rejecting application of § 48.193(1)(a)9,

*F.S.*, where the plaintiff offered only conclusory allegations and had not shown any contract that met the requirements of § 685.102, *F.S.*).[2]

Jet ICU also contends, again without evidentiary support, that Anthem "operates an insurance plan insuring members who require emergency services in all states including Florida," and has contracted with "local plan" Blue Cross and Blue Shield of Florida, Inc., "through a multi-party contract" that allows Anthem to obtain the benefit of "Florida Blue's in-Network pricing." Jet ICU contends that Anthem is thereby "doing business in the forum" and is subject to jurisdiction under § 48.193(1)(a)1, *F.S.*

That section of the long arm statute provides for personal jurisdiction for claims arising from the defendant's "operating, conducting, engaging in, or carrying on a business or business venture" in Florida. In addition to lacking supporting evidence, Jet ICU offers no legal authority holding that Anthem's entry into these unspecified contracts with Blue Cross and Blue Shield Association and/or Blue Cross and Blue Shield of Florida constitutes operating, conducting, engaging in, or carrying on a business or business venture in Florida.

Moreover, due process requires that the defendant by its own actions create the required minimum contacts with the forum state. *Burger King*, 471 U.S. at 476. That an insured has traveled or moved to the forum state where he or she requires covered medical services does not allow the assertion of personal jurisdiction over

---

[2] If Jet ICU had a basis to assert that § 48.193(1)(a)9 applies here, it would have been a simple matter to allege that Anthem entered into contracts containing the relevant provisions, submit copies of the contracts, or otherwise provide a basis for the assertion. Jet ICU has not done so.

the insurer.  *See, e.g.*, *Passage Health Int'l, LLC v. USAble HMO, Inc.*, No. 23-CV-62302-LEIBOWITZ/VALLE, 2024 WL 3624093, at *5-6 (S.D. Fla. June 18, 2024), *report and recommendation adopted,* 2024 WL 3617472 (S.D. Fla. Aug. 1, 2024); *Kindred Hosps., East, L.L.C. v. Buffalo Bd. of Educ.*, No. 8:17-cv-1106-T-24MAP, 2017 WL 3622154, at *4 (M.D. Fla. Aug. 23, 2017); *Wiegering*, 2017 WL 1294907, at *8.

The insurer's agreement to provide coverage for the insured throughout the nation, approval of the insured's treatment in the forum state, payment of bills, or coordinating billing functions through a forum state Blue Cross Blue Shield or other multi-plan system participant does not change this result.  *See Kindred Hospitals*, 2017 WL 3622154, at *4 & n.6 (holding court did not have personal jurisdiction over insurer despite provider's assertion that insurer had verified coverage costs and was aware that provider would bill its claims through Blue Cross and Blue Shield of Florida); *Wiegering*, 2017 WL 1294907, at *8 (noting that courts have generally held "an insurer or third-party administrator does not avail itself of the privilege of doing business in a particular state simply because the insured chose a medical provider in that particular forum and the insurer or third-party administrator pre-approved treatment or paid medical bills").[3]

---

[3] *See also Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 371-72 & n.6 (5th Cir. 2010) (holding that Colorado insurer was not subject to personal jurisdiction notwithstanding its "agreement to participate in the Multiplan PPO through which it would receive discounted rates for services rendered by [the provider] in Louisiana"); *Lone Star 24 HR ER Facility, LLC v. Blue Cross & Blue Shield of Texas*, No. SA-22-CV-01090-JKP, 2025 WL 1840733, at *6 (W.D. Tex. July 2, 2025) ("[T]his Court concludes it does not hold specific jurisdiction over the Anthem Defendants based solely upon their participation in the BlueCard Program or by facilitation of healthcare services to

The only evidence submitted by Jet ICU in opposition to Anthem's motion is a declaration of a legal administrative assistant with Jet ICU. The declaration states that the services in question were provided to "a patient with the initials L.S. on July 19, 2019," but gives no indication as to where the individual lived or where the services were provided. The declaration also states that the individual was "purportedly insured by Anthem Blue Cross and Blue Shield of Virginia, a Blue Cross and Blue Shield licensee," and attaches a redacted copy of an insurance card, presumably that of the insured patient. The card refers to "Anthem Blue Cross and Blue Shield - Virginia, an independent licensee of the Blue Cross and Blue Shield Association." Once again, given the absence of any evidence that Anthem Blue Cross and Blue Shield of Virginia is a business name used by Anthem, this does not show conduct by Anthem that would support the exercise of personal jurisdiction over it in Florida.

Finally, the declaration states that Jet ICU's claim for services was submitted to "BCBS Federal Program Overseas Claims," and that "[c]orrespondence was received from several different Blue Cross and Blue Shield Affiliated Companies." The declaration does not, however, assert that any of this

---

their insureds at LoneStar's Texas facility."); *Craig Hosp. v. Empire Healthchoice, Inc.*, No. 18-CV-00794-WYD-STV, 2019 WL 10258608, at *4-7 (D. Colo. Apr. 1, 2019) (holding that New York insurers' participation in Blue Cross Blue Shield Blue Card program did not give rise to personal jurisdiction in Colorado); *St. Luke's Episcopal Hosp. v. La. Health Serv. & Indem. Co.*, No. Civil Action No. H-08-1870, 2009 WL 47125, at *8-9 (S.D. Tex. Jan. 6, 2009) (stating that Louisiana insurer's participation in national Blue Card program pursuant to which it could utilize claims processing services of Texas insurer and obtain discounted prices did not involve a "substantial connection" to Texas).

correspondence came from Anthem, and the correspondence attached to the declaration does not mention Anthem, "Anthem Blue Cross and Blue Shield of Virginia," or "Blue Cross and Blue Shield of Florida."

Jet ICU having failed to offer allegations or provide evidence to support the assertion of personal jurisdiction over Anthem under either Florida's long-arm statute or the due process clause of the Constitution, the Court grants Anthem's motion to dismiss.[4]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Anthem Insurance Companies, Inc.'s Motion to Dismiss Petition to Confirm Arbitration Award and Incorporated Memorandum of Law in Support" (Doc. 16) is **GRANTED**.

2. "Plaintiff and Petitioner Worldwide Aircraft Services, Inc. Petition to Confirm Arbitration Award" (Doc. 1) and this action are **DISMISSED WITHOUT PREJUDICE**.

---

[4] Where the absence of personal jurisdiction is raised as a ground for dismissal under Fed. R. Civ. P. 12(b)(2) along with merits grounds for dismissal under Rule 12(b)(6), courts generally consider the jurisdictional ground first and proceed to the merits only if jurisdiction is present. *See Posner*, 178 F.3d at 1214 & n.6; *Madara v. Hall*, 916 F.2d 1510, 1514 & n.1 (11th Cir. 1990). Accordingly, the Court does not reach Anthem's other arguments for dismissal. If personal jurisdiction were present, dismissal or denial of Jet ICU's petition would nevertheless be appropriate because federal courts have no authority to confirm or enforce NSA IDR awards, for the reasons set forth in the Court's recent order in *Worldwide Aircraft Servs., Inc. d/b/a Jet ICU v. United Healthcare*, No. 8:24-cv-2527-TPB-LSG, 2025 WL 3312169 (M.D. Fla. Nov. 28, 2025).

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of December, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE